UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-CV-216-KSF

TIMOTHY B. PETTUS                                                                    PLAINTIFF

V.                  **MEMORANDUM OPINION AND ORDER**

DEPUTY FULK, et al.                                                   DEFENDANTS

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Timothy B. Pettus, who is incarcerated in the Christian County Jail, in Hopkinsville, Kentucky, has submitted the instant prisoner *pro se* civil rights Complaint, pursuant to 42 U.S.C. § 1983, complaining of the conditions of his confinement at the Jail. In a response to an earlier Deficiency Order, the Plaintiff has also submitted an additional affidavit in support of his Motion to proceed *in forma pauperis*. This matter is now before the Court to assess the Motion and screen the Complaint pursuant to 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, this case will be transferred to the United States District Court for the Western District of Kentucky.

**ALLEGATIONS AND CLAIMS**

In his complaint form, Plaintiff states that on June 26, 2010, the following events occurred eight days earlier, on June 18, 2010, in the Christian County Jail's Cell 911:

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

> [W]ater is always on the floor and constantly being mopped up. I Mr. Pettus went to the restroom and slipped and fell due to excessive water. Then another inmate put a towel out the window to signal for assistance. Deputy Fulk came and radioed for the nurse and said don't move til [sic] she gets there. The nurse came and with her & deputy Fulk help I was eased to my mat which was already on the floor. The nurse briefly examined me by pushing on my hip and asking me to raise my leg, and I couldn't. The nurse informed me they'd be back but shift changes and neither nurse or Fulk returned.

R. 2 at 2.

Pettus states that he is asserting claims of medical negligence and cruel and unusual punishment because of these "poor living conditions" at the jail. Plaintiff also alleges that there is no grievance policy at the jail, but he also writes, "They claim they do, but don't provide grievance sheets, appeals process or any indication a process exists."

## DEFENDANTS

As the Defendants, Pettus names the Christian County Jail, Deputy Fulk, and the jail's nurse.

## RELIEF REQUESTED

As to the relief sought, Plaintiff writes that he wants "to file a negligence lawsuit and a letter of apology for allowing me to suffer in pain."

## ANALYSIS

Because no special venue statute for civil-rights actions exists, 28 U.S.C. § 1391, the general venue provision, controls. Section 1391(b) provides that civil actions not based solely on diversity of citizenship may be brought only in: "(1) a judicial district where any defendant resides, if all defendants reside in the same State[;] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject

of the action is situated[;] or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The events set forth in the complaint allegedly occurred in Christian County, which is in the Western District of Kentucky. Therefore, proper venue for this complaint lies in the Western District of Kentucky. 28 U.S.C. §§ 97(a) and 1391(b); L.R. 3.2 ("In the event of improper assignment, the case will be transferred to the correct jury division.").

**THEREFORE, IT IS ORDERED** that the instant action be transferred to the United States District Court for the Western District of Kentucky, Paducah Division, for all further proceedings. *See* 28 U.S.C. § 1406(a).

This November 19, 2010.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**